IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LIZ ZHANG,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-CV-1477-L** |
| | § | |
| **UNIVERSITY OF TEXAS AT DALLAS,** | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On April 22, 2025, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 29) was entered, recommending that the court grant in part and deny in part the Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion") (Doc. 21), filed by Defendant University of Texas at Dallas ("UTD" or "Defendant") on January 17, 2025. In her objections to the Report (Doc. 30), Plaintiff Liz Zhang ("Plaintiff" or "Ms. Zhang")[1] requests leave to amend her pleadings to address any pleading deficiencies and to add a retaliation claim alleging acts of retaliation that resulted from filing her Charge of Discrimination on September 14, 2023, with the Equal Employment Opportunity Commission ("EEOC") ("September 2023 Charge"), as well as an internal complaint with UTD ("2023 UTD Internal Complaint"). For the reasons herein explained, the court **accepts** the findings and conclusions of the magistrate judge (Doc. 29); **grants in part and denies in part** Defendant's Motion (Doc. 21); **overrules** Plaintiff's objections to the Report (Doc. 30); **grants** Plaintiff's request for leave to amend her pleadings, but only insofar as she seeks to allege UTD administrators and department

---

[1] Because the claims alleged by Liz Zhang involve another UTD professor with the same surname "Zhang," and the parties refer to both as "Dr. Zhang," the court refers to Liz Zhang in this order as "Ms. Zhang" or "Plaintiff" to avoid confusion.

**Memorandum Opinion and Order – Page 1**

heads retaliated against her from November 2023 to present for filing her September 2023 Charge and 2023 UTD Internal Complaint; and **denies as moot** Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 32).

## I.    Factual and Procedural Background

Ms. Zhang filed this action against her employer UTD on June 14, 2024, alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII") for discrimination based on race, sex, and national origin, as well as retaliation. Compl. (Doc. 1). Plaintiff, a tenured professor in biology at UTD, was hired in 2007 and continues to be employed by UTD. Before bringing this action, she filed her September 2023 Charge, alleging retaliation or "backlash" and discrimination based on race, color, sex, and national origin by UTD department heads after she defended and complained about the treatment of two UTD colleagues (Indian and Asian professors) in March 2017 and 2022, and filed a complaint against UTD's dean Dr. Bruce Novak. *See* Doc. 1 at 14 (Ex. A). The EEOC issued a Notice of Right to Sue letter on April 17, 2024, regarding Plaintiff's September 2023 Charge. *See id.* at 18 (Ex. B).

On August 19, 2024, UTD filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), in which it moved to dismiss all claims by Plaintiff in her Original Complaint. Def.'s Mot. Dismiss (Doc. 5). UTD argued that: (1) any alleged discrimination or retaliation that occurred before November 18, 2022, is time-barred; (2) Plaintiff failed to adequately allege a claim for discrimination under Title VII because the allegations in her Original Complaint were too speculative and conclusory to support a claim based on race, sex, or national origin; (3) she failed to allege discrimination based on sex in comparison to Dr. Michael Zhang; and (4) she failed to allege facts from which the court could plausibly infer that her defense of Dr. Jyoti Misra was

**Memorandum Opinion and Order – Page 2**

protected activity, and she had not alleged a sufficient factual basis for a causal connection between any alleged protected activity and an adverse employment action as require for a retaliation claim.

On August 30, 2024, Plaintiff filed a supplement to her September 2023 Charge with the EEOC ("Supplemental Charge") (Doc. 20 at 38) for which the EEOC issued a Notice of Right to Sue letter on September 13, 2024. In her Supplemental Charge, Plaintiff alleges that "[t]his charge is a supplement to Charge No. 450-2023-09832." *Id.* She also alleges facts supporting her claim for sex discrimination based on pay disparity between her and Michael Zhang. Rather than responding to UTD's motion to dismiss, Plaintiff filed a First Amended Complaint on September 9, 2024, which she was entitled to do once as a matter of course without leave of court or consent from Defendant under Rule 15(a). Plaintiff attached her Supplemental Charge to her First Amended Complaint. In light of Plaintiff's decision to amend her pleadings, on September 10, 2024, the court denied as moot Defendant's motion to dismiss. Order (Doc. 7)

On October 22, 2024, with respect to Plaintiff's First Amended Complaint, UTD filed a motion to dismiss in which it urged substantially similar grounds for dismissing all Title VII discrimination and retaliation claims as it had previously urged. Def.'s Mot. Dismiss First Am. Compl. (Doc. 12). On December 10, 2024, Plaintiff filed an unopposed motion to supplement her First Amended Complaint to address the EEOC's Notice of Right to Sue letter for her Supplemental Charge "and to clarify that her discrimination claim in this action includes the charge on which she received the right to sue at that time." Pl.'s Unopposed Mot. Leave Supplement First Am. Compl. ¶ 1 (Doc. 18).

On December 13, 2024, the court denied Plaintiff's unopposed request to supplement her pleadings but, instead, allowed her to amend her pleadings. Order (Doc. 19). In its ruling, the court stated that, "Although supplementation of pleadings is permitted under Rule 15(d), the court as a

**Memorandum Opinion and Order – Page 3**

general rule does not permit supplemental filings of any kind because they usually cause unnecessary confusion and piecemeal litigation." Doc. 19 at 1. The court also stated:

> *Any and all claims and factual allegations supporting such claims that Plaintiff wishes to allege and pursue in this case must be included in the amended complaint, as the court[,] out of fairness to Defendant[,] will not permit her to amend (or supplement) her pleadings again before it rules on any subsequent motion to dismiss filed by Defendant.*

Doc. 19 at 2 (original emphasis). In light of this ruling, the court denied as moot UTD's motion to dismiss. Doc. 19 at 2.

On January 3, 2025, Plaintiff filed her Second Amended Complaint (Doc. 20), the live pleading, to which she attached her September 2023 and Supplemental Charges. On January 17, 2025, UTD filed its motion to dismiss all of Plaintiff's claims in her Second Amended Complaint. Def.'s Mot. Dismiss Pl.'s Sec. Am. Compl. (Doc. 21). On February 24, 2025, Plaintiff filed her response (Doc. 24), and on March 11, 2025, UTD filed its reply (Doc. 25).

On April 22, 2025, the magistrate judge issued his Report, concluding that all of Plaintiff's discrimination and retaliation claims as pleaded in her Second Amended Complaint are either time-barred or unexhausted, *except for her sex discrimination claim based on pay disparity involving Michael Zhang.* Doc. 29 at 16. The magistrate judge determined that Plaintiff's retaliation claims are those based on "opposition" because the protected activity identified by Plaintiff involves Plaintiff's opposition to conduct and treatment of colleagues that she believed was discriminatory for various reasons. Doc. 29 at 16. In addition, for purposes of determining whether Plaintiff's retaliation claims are time-barred or unexhausted, the magistrate judge concluded that these claims fell into two categories—those based on events that allegedly occurred before Plaintiff filed her September 2023 Charge and those based on events that allegedly occurred after she filed her September 2023 Charge.

**Memorandum Opinion and Order – Page 4**

With respect to the former category, the magistrate judge concluded that these claims are time-barred because:

> many allegations included in the [Second Amended Complaint] and the supplemented charge occurred more than 300 days before September 14, 2023—which was November 18, 2022. *See, e.g.*, Dkt. No. 20 at 39 (identifying an internal complaint of discrimination that [Plaintiff] made in March 2017 and indicating that it was [Plaintiff]'s belief that Dr. Jay Kim was denied tenure in 2019 in retaliation for her "2017 complaint, as Dr. Kim was a co-investigator in [her] research grant").

Doc. 29 at 9.

With respect to the latter category, the magistrate judge determined, as a threshold matter, that Plaintiff had failed to exhaust these claims because allegations regarding these claims were not included in her Supplemental Charge, and it was not reasonable to expect that the EEOC would have investigated the incidents that allegedly occurred after she filed her September 2023 Charge:

> To the extent that [Plaintiff's Second Amended Complaint] includes allegations that occurred after [Plaintiff] filed the charge (in September 2023) that are not included in the supplement to the charge (filed in August 2024)—for example, UTD points to a "claim that NSM Biology Leadership coordinated with Dr. Jeremiah Gassensmith in December 2023 to retaliate against [Plaintiff]," Dkt. No. 21 at 13—where "there [is] no evidence that the EEOC either was constructively or actually aware of the later incidents," "it [is] not reasonable to expect that the EEOC would have investigated the incidents alleged to have occurred after [the plaintiff] filed his EEOC charge." *O'Neal v. Roadway Exp.*, 181 F. App'x 417, 419-20 (5th Cir. 2006) (per curiam)[.]

Doc. 29 at 12.

Up to this point, Plaintiff had not alleged in any of her Charges or her pleadings that the retaliatory incidents that occurred after September 2023 were in response to her September 2023 Charge or 2023 UTD Internal Complaint. The magistrate judge, therefore, had no reason to consider whether this affected his exhaustion analysis of her retaliation claims.

**Memorandum Opinion and Order – Page 5**

In addition to dismissal for failure to exhaust, the magistrate judge recommended the court grant UTD's motion to dismiss Plaintiff's retaliation claim for failure to allege she engaged in a protected activity:

> In sum, as to Title VII retaliation, the undersigned finds that Dr. Zhang fails to allege a protected activity – for example, opposing UTD's treating faculty members less favorably based on a status protected by Title VII – that, even if such protected activity was outside the 300 days before she complained to the EEOC, is proximate to the retaliatory adverse employment action identified in the September 2023 charge. *Cf. Goudeau v. City of Tomball, Tex.*, 68 F.3d 468, 1995 WL 581820, at *2 & n.10 (5th Cir. 1995) (per curiam) (holding that the "ten months [that] passed between [plaintiff's] participation in the investigation and his discharge" "negat[ed] any causal connection between the investigation and [the] discharge" (citation omitted)); *see also United States v. Lee*, 966 F.3d 310, 320 n.3 (5th Cir. 2020) ("Unpublished decisions issued before 1996 are binding precedent. 5TH CIR. R. 47.5.3.").

Doc. 29 at 22-23.

Additionally, as Plaintiff had not included a request in her response to UTD's motion to dismiss to further amend her pleadings, the magistrate judge's Report did not address whether she should be allowed to further amend the claims that he recommended should be dismissed with prejudice.

Four days after the magistrate judge issued his Report, on April 28, 2025, Plaintiff filed a Charge of Discrimination with the EEOC ("April 2025 Charge") expressly alleging for the first time that she was retaliated against by UTD administrators and department heads from November 2023 to present for filing her September 2023 Charge and September 2023 UTD Internal Complaint. *See* Doc. 30-1 at 1. The alleged retaliation that forms the basis for her April 2025 Charge is set forth in Exhibit A to the April 2025 Charge. Doc. 30-1 at 2-4.

On May 6, 2025, Plaintiff filed her objections to the Report (Doc. 30) and attached her April 2025 Charge; Exhibit A to the Charge; and an EEOC Dismissal and Notice of Rights letter dated May 6, 2025. In her objections, Plaintiff takes issue with the magistrate judge's

**Memorandum Opinion and Order – Page 6**

determination that "allegations that occurred after [she] filed the charge (in September 2023) that are not included in the [Supplemental Charge] (filed in August 2024)" are unexhausted. Doc. 30 at 3. Relatedly, she objects to the magistrate judge's conclusion that she has failed to allege a plausible retaliation claim because the magistrate judge limited his analysis "to protected activity and retaliatory actions which predate the September 2023 EEOC charge." Doc. 30 at 7. Plaintiff's objections also include a request to further amend her pleadings if the court agrees with the magistrate judge that her retaliation claims, as currently pleaded, should be dismissed and to add claims that she was retaliated against by UTD administrators and department heads from November 2023 to present for filing her September 2023 Charge and September 2023 UTD Internal Complaint, as stated in her April 2025 Charge.

Defendant filed a response to Plaintiff's objections on May 19, 2025. Doc. 31. Among other things, Defendant opposes Plaintiff's request to further amend her pleadings. On July 28, 2025, before the court could rule on Plaintiff's objections to the Report and UTD's Motion, Plaintiff filed a separate Motion for Leave to File Third Amended Complaint ("Motion for Leave") (Doc. 32). To avoid delaying the court's rulings as to Plaintiff's objections to the Report and UTD's Motion, the court ordered the parties not to file anything further in this case, either in connection with the Plaintiff's Motion for Leave or any other matter until it ruled on UTD's pending Motion and Plaintiff's objections. The court advised the parties that it would set, as necessary, a briefing schedule for Plaintiff's Motion for Leave after ruling on these earlier filings.

**Memorandum Opinion and Order – Page 7**

## II.    Discussion

### A.  Plaintiff's Claim for Sex Discrimination Based on Pay Disparity

As indicated, the magistrate judge recommends that the court deny UTD's Motion with respect to Plaintiff's sex discrimination claim based on pay disparity involving Michael Zhang. Neither side objected to this recommendation. The court determines that the findings and conclusions of the magistrate judge with respect to this claim are correct and **accepts** them as those of the court. Accordingly, UTD's Motion with respect to this claim is **denied.**

### B.  Plaintiff's Retaliation Claim Based on Pre-September 2023 Charge Events

As explained, the magistrate judge recommends that the court grant UTD's Motion with respect to Plaintiff's retaliation claim to the extent based on events that pre-date her September 2023 Charge.  Neither side objected to this recommendation. The court determines that the findings and conclusions of the magistrate judge with respect to this claim are correct and **accepts** them as those of the court. Accordingly, UTD's Motion with respect to this claim is **granted.**

### C.  Plaintiff's Retaliation Claim Based on Post-September 2023 Charge Events

As explained, the magistrate judge recommends that the court grant UTD's Motion with respect to Plaintiff's retaliation claim to the extent based on events that post-date her September 2023 Charge. Specifically, the magistrate judge determined Plaintiff had failed to exhaust these claims because allegations regarding these claims were not included in her Supplemental Charge, and it was not reasonable to expect that the EEOC would have investigated the incidents that allegedly occurred after she filed her September 2023 Charge. Doc. 29 at 12 ("First Conclusion and Recommendation"). In addition, the magistrate judge concluded that Plaintiff's retaliation claim should be dismissed because she "failed to allege a protected activity—for example, opposing UTD's treating faculty members less favorably based on a status protected by Title VII—

Memorandum Opinion and Order – Page 8

that, even if such protected activity was outside the 300 days before she complained to the EEOC, is proximate to the retaliatory adverse employment action identified in the September 2023 charge." Doc. 29 at 22-23 ("Second Conclusion and Recommendation").

### 1. Objections to Magistrate Judge's First Conclusion and Recommendation

Plaintiff objects to the magistrate judge's recommendation that the court dismiss as unexhausted her retaliation claim based on post-September 2023 events, arguing that she exhausted this claim because the allegedly retaliatory events that took place after she filed her September 2023 Charge "were brought up in the EEOC mediation/conciliation on February 23, 2024," before the EEOC concluded its investigation of the matters in her September 2023 Charge and issued the Notice of Right to Sue letter on April 17, 2024. Doc. 30 at 4. In addition, Plaintiff contends that, contrary to cases cited in the Report, at the pleading stage, she need only "plausibly allege awareness by the EEOC, so as to include later incidents in the scope of a retaliation claim" that is exhausted but not time-barred. Doc. 30 at 4. She asserts that her Second Amended Complaint satisfies this requirement by, among other things, alleging that the EEOC was aware of the retaliatory events that took place after she filed her September 2023 Charge because they were brought to the EEOC's attention during the February 23, 2024 mediation. *Id.* In response, UTD urges the court to overrule Plaintiff's objection, made without "any factual or legal authority, that simply stating a fact in confidential mediation alters the course of an EEOC investigation as to absolve her failure to properly exhaust." Doc. 31 at 2.

"In determining whether a plaintiff has exhausted a particular claim, 'the scope of an EEOC complaint should be construed liberally.'" *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021). The scope of a plaintiff's EEOC complaint is nonetheless limited to the scope of the EEOC investigation which "'can reasonably be expected to grow out of the charge of discrimination' a

**Memorandum Opinion and Order – Page 9**

plaintiff makes before the EEOC." *Chhim v. University of Texas at Austin*, 836 F.3d 467, 472 (5th Cir. 2016) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 2006)). The plaintiff, therefore, must provide enough specific facts in her EEOC charge that would trigger the EEOC to investigate a given claim. *See Pacheco*, 448 F.3d at 789 (5th Cir. 2006).

Communications and interactions with an EEOC mediator in February 2024 do not constitute any form of administrative exhaustion, and Plaintiff fails to provide any legal authority to the contrary. *See, e.g.*, *Embry v. Safelite Fulfillment, LLC*, 2026 WL 1793086, at *5 (N.D. Tex. May 28, 2026), *accepted by*, 2026 WL 1791929 (N.D. Tex. June 22, 2026) (O'Connor, C.J.) ("[M]ultiple communications to her EEOC caseworker" after plaintiff filed her EEOC charge were insufficient to exhaust her administrative remedies because plaintiff's post-Charge communications with the EEOC "do not constitute any form of exhaustion."). Otherwise stated, the court agrees with UTD that whether the EEOC mediated her claims and she revealed information at the mediation has no bearing on the scope of the investigation that reasonably could be expected to follow from her September 2023 Charge, which is the basis for determining exhaustion. *See Chhim*, 836 F.3d at 472.

For these reasons, the court **overrules** Plaintiff's objection to the magistrate judge's First Conclusion and Recommendation. The court determines that the findings and conclusions of the magistrate judge with respect to this claim are correct and **accepts** them as those of the court. Accordingly, UTD's Motion seeking dismissal of Plaintiff's retaliation claim for failure to exhaust—insofar as it is based on events that post-date her September 2023 Charge—is **granted**.

### 2. *Objections to Magistrate Judge's Second Conclusion and Recommendation*

Plaintiff objects to the magistrate judge's conclusion that she has failed to allege a plausible retaliation claim because the magistrate judge limited his analysis "to protected activity and

**Memorandum Opinion and Order – Page 10**

retaliatory actions which predate the September 2023 EEOC charge." Doc. 30 at 7. She contends that "the allegations of Plaintiff's SAC include protected activity and retaliation which occurred after Plaintiff's EEOC charge was filed, but before the EEOC notified Plaintiff of her right to sue." Doc. 30 at 7. In support, she repeats her arguments that communications and interactions with an EEOC mediator in February 2024 are sufficient to plead that the EEOC was "constructively or actually aware of the later incidents, including retaliation which followed hard on the heels of Plaintiff's September 2023 EEOC charge, and could have investigated it." Doc. 30 at 8-9 (quotation marks omitted). As the court previously determined, *see supra*, communications and interactions with an EEOC mediator in February 2024 do not constitute any form of administrative exhaustion and Plaintiff fails to provide any legal authority to the contrary. Accordingly, to the extent Plaintiff's objection is based on allegations in her pleadings related to communications and interactions with the EEOC during mediation, her objections are **overruled**.

In her objections, Plaintiff also asserts that "acts of retaliation followed in close temporal proximity to Plaintiff's filing of her [September 2023 Charge] and her internal UTD complaint of discrimination." Doc. 30 at 8. To be clear, before filing her April 2025 Charge, Plaintiff's retaliation claims have been consistently premised on UTD allegedly retaliating against her for defending and complaining about what she viewed as the discriminatory treatment of UTD colleagues, and her filing a related complaint against UTD's dean Dr. Novak. Up to the point of her April 2025 Charge, Plaintiff had not alleged in any of her Charges or her pleadings that the retaliatory incidents that occurred after September 2023 were in response to her September 2023 Charge or 2023 UTD Internal Complaint. Thus, the magistrate judge had no reason to consider whether this affected his analysis of her retaliation claims. Plaintiff cannot object based on allegations she failed to plead and theories that were never before the magistrate judge. Any

**Memorandum Opinion and Order – Page 11**

objection premised on her assertion that retaliatory incidents that occurred after September 2023 were in response to her September 2023 Charge or 2023 UTD Internal Complaint are, therefore, **overruled**.

For these reasons, the court **overrules** Plaintiff's objections to the magistrate judge's Second Conclusion and Recommendation. The court determines that the findings and conclusions of the magistrate judge with respect to this claim are correct and **accepts** them as those of the court. Accordingly, UTD's Motion seeking dismissal of Plaintiff's retaliation claim pursuant to Fed. R. Civ. P. 12 (b)(6)—insofar as Plaintiff's retaliation claim is based on events that post-date her September 2023 Charge—is **granted**.

### D. Plaintiff's Request to Amend

In her objections, Plaintiff requests to further amend her pleadings if the court agrees with the magistrate judge that her retaliation claims, as currently pleaded, should be dismissed and to add claims that she was retaliated against by UTD administrators and department heads from November 2023 to present for filing her September 2023 Charge and September 2023 UTD Internal Complaint, as stated in her April 2025 Charge. UTD opposes Plaintiff's request for leave to amend. Doc. 31 at 4-5.

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a party's pleading "shall be freely given when justice so requires." The decision to allow amendment of a party's pleadings under Rule 15(a) is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

**Memorandum Opinion and Order – Page 12**

of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

The court determines that, on balance, the factors set forth in *Foman* do not warrant a denial of leave to amend in this matter. While Plaintiff has engaged in some delay, there is no evidence of bad faith on her part in requesting leave to amend her complaint. Additionally, while she has amended her pleadings twice after filing additional EEOC Charges during the pendency of this lawsuit, none of her amendments has followed a court decision following a motion to dismiss that apprises her of any pleading deficiencies. Furthermore, when determining whether amendment imposes undue prejudice, courts consider whether the amendment would require the defendant to reopen discovery and prepare a defense for a claim different from the one that was previously before the court. *See Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004). No scheduling order is yet in place, and there is still ample time for discovery. Finally, the court is allowing amendment only insofar as Plaintiff seeks to allege that UTD administrators and department heads retaliated against her from November 2023 to present for filing her September 2023 Charge and 2023 UTD Internal Complaint, as stated in her April 2025 Charge. Under these circumstances, the court has no basis to believe amendment would be futile.

## III.    Conclusion

Having considered Defendant's Motion, the pleadings, file, record in this case, and Report, and having conducted a de novo review of the portions of the Report to which objection was made by Plaintiff, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court.  The court, therefore, **grants in part and denies in part** Defendant's Motion (Doc. 21); and **overrules** Plaintiff's objections to the Report (Doc. 30). Accordingly, all retaliation claims alleged in Plaintiff's Second Amended Complaint are

**Memorandum Opinion and Order – Page 13**

**dismissed with prejudice**; and all Title VII discrimination claims alleged in Plaintiff's Second Amended Complaint are **dismissed with prejudice**, *except for her discrimination claim under Title VII that is based on disparate pay.*

The court **grants** Plaintiff's request for leave to further amend her pleadings but only insofar as she seeks to allege that UTD administrators and department heads retaliated against her from November 2023 to present for filing her September 2023 Charge and 2023 UTD Internal Complaint. The deadline for Plaintiff to file her Third Amended Complaint is **August 7, 2026.**[2] Because the court is granting Plaintiff leave to amend, the court **denies as moot** Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 32).

**It is so ordered** this **27th** day of **July, 2026**.

_____
Sam A. Lindsay
United States District Judge

---

[2] Such pleading, if filed, will be deemed filed *nunc pro tunc* to August 4, 2025, which is 90 days from May 6, 2025, the date of Plaintiff's right-to-sue letter with respect to her April 2025 Charge. This is because Plaintiff filed her Motion for Leave to File Third Amended Complaint on July 28, 2025, prior to the expiration of the 90-day period, and it would be unfair to penalize her for the time required to resolve her objections to the magistrate judge's Report.

**Memorandum Opinion and Order – Page 14**